## The City of Chicago, Defendant in Error, v. The German Catholic Orphan Asylum, Plaintiff in Error.

## Gen. No. 15,308.

1. ORDINANCES—*validity of sanitary.* An ordinance which requires one class of toilet equipment for certain buildings and permits a different equipment for another class of buildings, is valid.

2. ORDINANCE —*when does not illegally delegate power.* An ordinance pertaining to toilet equipment which designates the class of equipment which is to be used but which leaves the type to be such as will meet with the approval of the commissioner of health is not illegal.

Action of debt. Error to the Municipal Court of Chicago; the

Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. *Opinion filed March 3, 1911.*

ALBERT H. MEADS, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The city of Chicago obtained a judgment in the Municipal Court of Chicago against the defendant in an action of debt, the suit being based upon an alleged violation of sections 1701, 1702, 1703 and 1709 of the Municipal Code. The plaintiff in error conducts an asylum for orphan children as a charitable institution, which has about 300 boy and girl inmates. The charge is that it permitted, maintained and allowed on its premises in the city of Chicago two trough urinals without automatic flushing tanks, as required by ordinance; that it maintained and allowed water closets and urinals other than that of an individual lipped sanitary urinal bowl, and that the bowls were constructed of cast iron, galvanized iron, sheet metal and steel, and that the same were not separately and independently trapped and revented; that it maintained and allowed two troughs or urinals without having automatically operated flush tanks, or flushing valves protected against a vacuum by ground seat check valves; and further, that it had installed certain plumbing fixtures, which were not "open plumbing," as required by an ordinance of the city of Chicago. There is no serious contention on the part of the plaintiff in error that the facts shown do not constitute a violation of the ordinance, as charged, but it is insisted that the section particularly in question, viz., Section 1709, is void,—first, because it is unreasonable and oppressive, and second, because it delegates powers which the council cannot delegate, and leaves to an

executive officer a discretion which makes the ordinance uncertain.

To substantiate its first point the plaintiff in error called as witnesses several architects and plumbers, but the questions propounded to them could not, if answered, have elicited information which would have aided in the solution of the point at issue.

Some of the questions asked, objections to which were sustained by the court, were the following:

Q.   In your opinion, as a plumber, would an individual lip urinal be suitable for an institution of that kind?

Q.   In your opinion, as a plumber, which is the better form, an individual lip urinal or a range urinal, for an institution like the one in question?

Q.   In your opinion, as a plumber, is a range urinal or closet more necessary in a factory or workshop than in an institution like the one in question?

Q.   In your opinion, as an architect, assuming that there is an institution with three hundred boys or over, and it is necessary that a urinal and a system of closets be installed, is a range urinal and closet as necessary in such an institution as in a workshop or factory?

The particular portion of section 1709, which the plaintiff in error insists is unreasonable, reads as follows:

"1709.   *   *   *   *   *   *   *   *   *   *   *   *   *

"Range closets of types approved by the commissioner of health and the chief sanitary inspector may be installed in factories and work-shops only, and such closets shall be installed in separate compartments as hereinbefore provided for water closet compartments."

The common council, in passing this ordinance, evidently took into consideration the fact that workshops and factories, which are occupied generally for only a portion of the day, should be put in a different class with respect to the plumbing, toilet conveniences, etc., than residences, hospitals and schools housing children.

We think that no discrimination is shown in making different provisions for such institutions.

As to the second point made by plaintiff in error, viz., that the ordinance is invalid because it delegates powers which the council cannot delegate, and leaves to an executive officer a discretion which makes the ordinance uncertain, we would say that the ordinance does not provide that the commissioner of health and the chief sanitary inspector shall determine whether a range closet shall be allowed to be installed in buildings other than factories or workshops, but simply that where such range closets are installed in factories and workshops, they shall be of a type such as meets with the approval of the commissioner of health and the chief sanitary inspector. We think it is quite within the power of the council to require, by ordinance, that if range closets are installed in factories and workshops, they shall be of such a character as not to imperil by their use the health of people who may be employed in such factories and workshops.

For the reasons stated the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*